FILED
2018 Jan-19 AM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| DOYLE LEE HAMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:17-cv-02083-KOB |
| JEFFERSON S. DUNN, Commissioner, | ) | |
| Alabama Department of Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF HAMM'S AMENDED COMPLAINT**

COME NOW Defendants and move this Honorable Court for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, of Hamm's amended complaint filed pursuant to 42 U.S.C. § 1983. Defendants seek summary judgment on both counts of the complaint, namely: (1) Hamm's as-applied Eighth Amendment challenge to Alabama's lethal-injection protocol relating to the Alabama Department of Corrections' (ADOC) use of lethal injection, Doc. 15 at 21, and (2) Hamm's claim that his detainment on death row amounts to cruel and unusual punishment in violation of the Eighth Amendment. *Id*. at 30.

Defendants are entitled to summary judgment because (1) Hamm's claims are barred by the doctrine of laches, (2) Hamm's claims are barred by the statute of limitations on the face of the complaint, and (3) Hamm cannot produce admissible

evidence demonstrating a genuine issue of material fact concerning the substantive elements of his Eighth Amendment claims. Additionally, in regard to Hamm's second cause of action relating to his allegation that his detainment on death row violates the Eighth Amendment, Defendants are entitled to summary judgment because Hamm has failed to state a plausible claim pursuant to 42 U.S.C. § 1983.

In support of these arguments, Defendants specifically adopt and incorporate Defendants' previously submitted Motion to Dismiss and, in the alternative, Motion for Summary Judgment, Doc. 12, in its entirety, with the exception of pages 35-37 of that motion.[1] With the exception of pages 35-37, Defendants incorporate all arguments and statements in the prior dispositive motion, including the Introduction, Background, Standards of Review, and Argument. *See* Doc. 12. In addition to the Defendants' prior Motion to Dismiss and, in the alternative, Motion for Summary Judgment, which is specifically incorporated herein, Defendants will produce further arguments in support of its Motion for Summary Judgment in its accompanying Brief in Support of Summary Judgment, which will be filed on Monday, January 22, 2018.

[1] Pages 35-37 of the Defendants' previous motion pertained to arguments as to why Attorney General Steve Marshall, who was previously listed as a Defendant in Hamm's complaint, *see* Doc. 1, was not a proper party to the action. Doc. 12 at 35. In his amended complaint, Hamm has not included Attorney General Marshall as a Defendant and, therefore, there is no need for Defendants to incorporate these specific arguments.

Wherefore, for the above-mentioned reasons, Defendants respectfully request that this Honorable Court enter summary judgment in favor of Defendants on all counts of Hamm's amended complaint.

Respectfully submitted,

Steve Marshall
*Alabama Attorney General*

***s/ Thomas R. Govan, Jr.***
Thomas R. Govan, Jr.
Deputy Attorney General

***s/ Beth Jackson Hughes***
Beth Jackson Hughes
*Assistant Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of January, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following: **Bernard E. Harcourt**.

***s/ Thomas R. Govan, Jr.***
Thomas R. Govan, Jr.
*Deputy Attorney General*

OF COUNSEL:

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300 Office
(334) 353-3637 Fax